Laura Lynn SADLER, Petitioner,

v.

James E. SADLER, Respondent.

No. C–8543.

Supreme Court of Texas.

May 17, 1989.

John D. Payne, Houston, for petitioner.

Herbert Neil Lackshin, Drew M. Capuder, Houston, for respondent.

PER CURIAM.

This case concerns the enforceability of a marital property agreement in a divorce proceeding. James and Laura Sadler filed for divorce and the trial court appointed a master to receive evidence and to make findings of fact and conclusions of law. James and Laura had previously executed a marital property agreement, which James sought to enforce during the divorce proceedings. The master refused to enforce the marital property agreement against Laura and the trial court adopted the master's findings and conclusions with only slight modifications. The court of appeals reversed, holding that the introduction of a fair agreement, fairly executed, creates a presumption of enforceability. 765 S.W.2d 806. Because the holding of the court of appeals conflicts with the plain meaning of former section 5.45 of the Family Code, a majority of the court reverses the judgment of the court of appeals and remands the cause to that court for further consideration.

At the time the divorce decree was signed, the law governing the enforceability of marital property agreements placed a high burden of proof on the party seeking to enforce the agreement:

In any proceeding in which the validity of a provision of an agreement, partition, or exchange agreement made under this subchapter is in issue as against a spouse or a person claiming from a spouse, the burden of showing the validity of the provision is on the party who asserts it. The proponent of the agreement, partition, or exchange agreement or any person claiming under the proponent has the burden to prove by clear and convincing evidence that the party against whom enforcement of the agreement is sought gave informed consent and that the agreement was not procured by fraud, duress, or overreaching.

Act of May 22, 1981, ch. 782, sec. 2, § 5.45, 67th Leg., 1981 Tex. Gen. Laws 2964, 2965, *amended by* Act of June 1, 1987, ch. 678, sec. 1, 70th Leg., 1987 Tex. Gen. Laws 2530, 2530 (formerly Tex.Fam.Code § 5.45).

The court of appeals recognized the heavy burden placed upon a spouse seeking to enforce a marital property agreement under former section 5.45 of the Family Code, but failed to apply the law. The court instead held that "the introduction of a fair agreement, fairly executed, creates a presumption of enforceability." 765 S.W. 2d at 808. This was error. Although the legislature has since amended the Family

Code to make it easier to enforce marital property agreements, the court of appeals was bound to apply the law as it existed at the time the divorce decree was signed. *See* Tex.Fam.Code Ann. § 5.46 (Vernon Supp.1989).

Because the opinion of the court of appeals is in conflict with former section 5.45 of the Family Code, we grant Laura Sadler's application for writ of error pursuant to rule 133(b) of the Texas Rules of Appellate Procedure, and without hearing oral argument, a majority of the court reverses the judgment of the court of appeals and remands the cause to that court for further consideration.