Ann Dea Thompson
GROSSMAN, Appellant,

v.

Maurice Sydney GROSSMAN, Appellee.

No. 13-90-077-CV.

Court of Appeals of Texas,
Corpus Christi.

Nov. 8, 1990.

B. Mills Latham, Law Offices of B. Mills Latham, Corpus Christi, for appellant.

**512**

Scott T. Cook, Scott T. Cook & Associates, Corpus Christi, for appellee.

Before BENAVIDES, KENNEDY and SEERDEN, JJ.

## OPINION

BENAVIDES, Justice.

Ann Dea Thompson Grossman appeals a summary judgment granted on her divorce petition against Maurice Sidney Grossman awarding him property as described in their premarital agreement. Ann raises four points of error related to the premarital agreement. We affirm the trial court's judgment.

Ann and Maurice were married on or about September 28, 1974. On June 16, 1988, Ann filed for divorce. Maurice responded with a general denial regarding Ann's request for division of marital property, pleading that the division of the marital property was subject to a premarital agreement. He also filed a counter-claim for divorce.

In January, 1989, Maurice filed a motion for summary judgment on his counterclaim, alleging that the premarital agreement was a valid document establishing that income or other property acquired during the marriage of the parties was to be the separate property of the party who earned it, or whose property produced the income or acquisition. He requested that the marital property be divided pursuant to the agreement. Attached to the motion were three exhibits: Maurice's affidavit, a copy of the premarital agreement, and excerpts from Ann's deposition.

Ann responded that the premarital agreement was void *ab initio* or, in the alternative, the formulation and execution of the agreement did not comply with Tex.Fam. Code § 5.46 (Vernon Supp.1990) and is unenforceable. Attached to her motion was a copy of Maurice's deposition and a copy of the premarital agreement.

After the Texas Supreme Court handed down *Sadler v. Sadler*, 769 S.W.2d 886 (Tex.1989), an opinion relevant to the validity of the premarital agreement, the trial court reconsidered Maurice's motion and granted it. The summary judgment granted the divorce and set out the property division between Ann and Maurice, essentially awarding all property to Maurice. By four points of error, Ann challenges the summary judgment.

The first matter we address involves the summary judgment evidence before the trial court. *See Carr v. Hertz Corp.*, 737 S.W.2d 12, 13 (Tex.App.—Corpus Christi 1987, *no writ*). The only summary judgment evidence before the trial court was Maurice's affidavit and a copy of the premarital agreement referred to in the affidavit and attached to Maurice's motion for summary judgment.

We turn to the other attachment to Maurice's motion and to the attachments to Ann's motion. In addition to the premarital agreement and his affidavit, Maurice attached a copy of excerpts from Ann's deposition to his motion. Ann attached a copy of Maurice's entire deposition to her response. An attorney who wishes to rely on excerpted portions of a deposition should attach copies of the excerpted portions of the original deposition as exhibits to the summary judgment motion or response, together with a copy of the court reporter's certificate, and his or her own original affidavit certifying the truthfulness and correctness of the copied material. *Kotzur v. Kelly*, 791 S.W.2d 254, 255–57 (Tex.App.—Corpus Christi 1990, *no writ*); *accord Mendez v. International Playtex, Inc.*, 776 S.W.2d 732, 733 (Tex.App.—Corpus Christi 1989, error denied). Unsworn deposition testimony does not constitute summary judgment evidence. *Carr*, 737 S.W.2d at 13. Neither the copy of the deposition excerpts nor the copy of the deposition were accompanied by a completed copy of the court reporter's certificate or an attorney's affidavit. Hence, the excerpts from Ann's deposition and the copy of Maurice's deposition were not properly before the trial court.

By points of error two and four, Ann contends that the trial court erred in entering the summary judgment based on the premarital agreement because it was void

as a matter of law under the law in effect at the time it was signed and if that law does not apply, that the agreement does not comply with § 5.46 of the Texas Family Code. By point of error three, Ann contends that there are genuine issues of fact concerning the premarital agreement with regard to her voluntary participation in the premarital agreement. Summary judgments are reviewed in accordance with the following standards:

1. The movant for summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law.

2. In deciding whether or not there is a disputed material fact issue precluding summary judgment, evidence favorable to the non-movant will be taken as true.

3. Every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in its favor.

*Nixon v. Mr. Property Management Co.,* 690 S.W.2d 546, 548–59 (Tex.1985).

■ The validity and enforceability of the premarital agreement is determined by the law in effect at the time the divorce decree was signed. *Sadler,* 769 S.W.2d at 886–87; *Chiles v. Chiles,* 779 S.W.2d 127, 129 (Tex.App.—Houston [14th Dist.] 1989 *writ denied* ).[1] The premarital agreement was signed by Ann and Maurice in July, 1974, and the divorce decree was signed in November, 1989. At that time, § 5.46 of the Texas Family Code was in effect. Tex. Fam.Code Ann. § 5.46 (Vernon Supp.1990).

Pursuant to § 5.46, Ann had the burden to prove either, (1) that the agreement was not executed voluntarily, or (2) that the agreement was unconscionable when it was executed *and* before execution: (a) she was not provided a fair and reasonable disclosure of Maurice's property or financial obligations, (b) she did not waive her right to such disclosure, and (c) she did not have adequate knowledge of Maurice's property

or financial obligations. *Chiles,* 779 S.W.2d at 129.

■ The gist of Ann's argument is that Maurice did not meet his burden of establishing as a matter of law that the agreement in question was enforceable. As discussed above, Maurice did not have such a burden; Ann had the burden of proving that the agreement was unenforceable. Section 5.46 places the burden on the party resisting the enforcement of the agreement by creating a rebuttable presumption that the agreement is enforceable. In a summary judgment context, when the movant is seeking to enforce a premarital agreement to which he is a party, such a presumption operates without evidence other than that of the existence and terms of the agreement to establish that there is no genuine issue of material fact regarding the enforceability of the agreement.

■ Ann did not present any evidence which raised a fact issue in support of her burden to show that the agreement was not entered into voluntarily or that the agreement was unconscionable. Maurice, although he had no burden, presented evidence that the agreement was entered into voluntarily. His affidavit stated, "Prior to signing the premarital agreement, it was explained to my wife and she indicated that she understood what she was signing."

In summary, the applicable law regarding enforceability of the premarital agreement is § 5.46, the agreement is enforceable under that section and there is no genuine issue of material fact regarding the enforceability of the agreement. We find no error on the part of the trial court with regard to the enforcement of the premarital agreement. We overrule Ann's second, third and fourth points of error.

■ By her first point of error, Ann contends that the trial court erred in granting the summary judgment and in making a division of the marital property because there were issues of fact concerning the

---

1. In *Beck v. Beck,* the court did not follow *Sadler* or § 5.46 but instead analyzed the premarital agreement as a contract and applied the law in effect at the time the agreement was executed. 792 S.W.2d 813 (Tex.App.—Dallas 1990, *n.w.h.*). *Beck* concerned the interpretation of a premarital agreement incident to the distribution of the estate of one of the spouses while *Chiles* concerned the interpretation of a premarital agreement incident to divorce.

character of such property. Maurice initially argues that Ann has waived the issue of characterization of the property because she did not present it to the trial court. The only ground for reversal which a non-movant can bring on appeal without having brought it in the trial court is to attack the legal sufficiency of the evidence. *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex.1979); *accord McCord v. Memorial Medical Center Hosp.*, 750 S.W.2d 362, 364 (Tex.App.—Corpus Christi 1988, *no writ*). In her response to Maurice's motion for summary judgment, Ann challenged only the enforceability of the premarital agreement; Ann did not contend that there were issues of fact concerning the character of the marital property. By not bringing her complaint to the trial court regarding the issues of fact concerning the character of the marital property, Ann has waived it.

■ Furthermore, if we construe Ann's point of error broadly as an attack on the legal sufficiency of the evidence regarding the characterization of the marital property, it still fails. The summary judgment specifically listed property, including real estate and automobiles, by name. Ann argues that there is no evidence related to when the property was acquired and its source so that the court could determine the character of any of the property. She contends that such evidence is necessary to determine whether the property is that which was contemplated to be governed by the premarital agreement.

■ As the movant in this case, Maurice had the burden to establish all the elements of his claim. He presented the court with the premarital agreement. The agreement stated that community property which he would otherwise own if he were single, namely revenues from his services and separate property, are to be transferred and released to him in the event of divorce. Similarly, the agreement also stated that community property which the wife would otherwise own if she were single, namely revenues from her services and separate property, are to be transferred and released to her in the event of divorce.

Maurice also presented the court with his affidavit stating, "At this time, with the exception of a Honda Accord LX, which is in the possession of my wife, I have in my possession all of the community property which I would have owned if single arising from my services as a physician and my separate property." His affidavit also stated that his wife "has in her possession all of the community property which she would have owned if single arising from her services and her separate property." This affidavit testimony relates directly to the division of property in accordance with the terms of the premarital agreement.

Ann did not controvert the testimony. Hence, no characterization of the property was required since, according to Maurice's affidavit, each party to the divorce already had possession of *all* the community property to which each was entitled. No genuine issue regarding the characterization of the marital property existed and Maurice was entitled to judgment as a matter of law. We find no error on the part of the trial court. Accordingly, we overrule Ann's first point of error.

The trial court's judgment is affirmed.