

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

———————————————

No. 06-12-00041-CV

———————————————

IN RE:   TED EUGENE SLANKER, JR.

Original Mandamus Proceeding

Before Morriss, C.J., Carter and Moseley, JJ.
Opinion by Justice Moseley

OPINION

Ted Eugene Slanker, Jr., and his wife, Christine, divorced in 2010. Slanker appealed to this Court. We reversed the judgment of the trial court as to the property division and remanded the cause for a new trial on that subject. The case is currently awaiting a new trial on the division of property.

After remand, the County Court at Law for Lamar County, Texas, entered an order dated March 21, 2012, requiring Slanker to

> [P]ay $5,000.00 in certified funds to Michael D. Mosher, 50 North Main Street, Paris, Texas 75460 within 10 days from the date of this hearing for Petitioner to retain Nicholas I. Burkett as an expert to value the business.

Slanker asks this Court to order the trial court to rescind its order because there is no evidence to support the order. Slanker is correct in his assertion that there was no testimony at the hearing at which counsel for Christine requested payment of the expert witness fee. The order does not recite that there was any evidence taken to support the order, and we find no indication in the record that any evidence was taken. Slanker argues that the trial court cannot make this order without evidence to support the award.[1]

---

[1]There is no evidence that the fee requested is reasonable and necessary for the work to be performed, and there is no evidence, as between Slanker and Christine, as to which is better able, from a financial standpoint, to pay this fee.

2

The property division matter in the trial court is an adversarial proceeding.[2] Christine seeks to hire an expert witness to value the business. Generally, expert witnesses work for the party who hires them. That is to say, if it is to Christine's benefit to place a high value on the business, it is more likely an expert hired by Christine will accomplish that end. If the expert in question does not value the business in a manner in which Slanker feels is fair, Slanker will then be placed in a position to hire his own business valuation expert.

In the world of litigation, the fee of an expert witness constitutes an incidental expense in preparation for trial and is not recoverable. Rule 131 of the Texas Rules of Civil Procedure provides that "[t]he successful party to a suit shall recover of his adversary all costs incurred therein, except where otherwise provided." TEX. R. CIV. P. 131. A court may include the following items in awarding costs:

> (1) fees of the clerk and service fees due the county;
>
> (2) fees of the court reporter for the original of stenographic transcripts necessarily obtained for use in the suit;
>
> (3) masters, interpreters, and guardians ad litem appointed pursuant to these rules and state statutes; and
>
> (4) such other costs and fees as may be permitted by these rules and state statutes.

---

[2]This is the second mandamus action filed in this Court since the matter was remanded for property division. In addition, there have been three requests for temporary relief since the time of remand. The tenor of the filings is quite clearly adversarial.

3

TEX. CIV. PRAC. & REM. CODE ANN. § 31.007(b) (West 2008); *Crescendo Invs.*, *Inc. v. Brice*, 61 S.W.3d 465, 480 (Tex. App.—San Antonio 2001, pet. denied). Expert witness fees are generally not recoverable as costs, because they are incidental expenses in preparation for trial. *See, e.g.*, *Richards v. Mena*, 907 S.W.2d 566, 571 (Tex. App.—Corpus Christi 1995, writ dism'd by agr.) (regardless of any good cause shown, costs of experts are incidental expenses in preparation for trial and not taxable court costs); *King v. Acker*, 725 S.W.2d 750, 755 (Tex. App.—Houston [1st Dist.] 1987, no writ) (plaintiffs in action for tortious interference with inheritance rights could not recover costs of handwriting experts, as those were litigation expenses).

Here, Rule 131 does not apply because (1) the litigation has not concluded, and (2) regardless of its procedural posture, this is a family law case. Rule 131 does not apply in this context. *See, e.g.*, *Diaz v. Diaz*, 350 S.W.3d 251, 255–56 (Tex. App.—San Antonio 2011, pet. denied).

While there is no explicit statutory authority under which a party to a post-divorce property division action may recover his expenses for expert witness fees, there are certain instances in which expert witness fees have been awarded in divorce proceedings. For example, it has been recognized that the trial court has the discretion to award expert witness fees as costs under Section 6.708 of the Texas Family Code. TEX. FAM. CODE ANN. § 6.708 (West 2006);[3] *see Farley v.*

---

[3]Section 6.708 provides:

> (a) In a suit for dissolution of a marriage, the court as it considers reasonable may award costs to a party. Costs may not be adjudged against a party against whom a divorce is

4

*Farley*, 930 S.W.2d 208, 213–14 (Tex. App.—Eastland 1996, no writ) (trial court has discretion to award expert witness fees, assuming there is sufficient evidence to support such an award). Moreover, an expert witness fee awarded by a trial court for valuing a business in connection with a division of property is governed by the Texas Family Code in an action involving both a divorce proceeding and a suit affecting the parent-child relationship. *Diaz*, 350 S.W.3d 251 (referring to TEX. FAM. CODE ANN. § 106.002 (West 2008) addressing attorney's fees and expenses in suit affecting parent-child relationship). Finally, expert witness fees may be recoverable in property division enforcement proceedings under former Section 3.77 of the Texas Family Code.[4] *Parliament v. Parliament*, 860 S.W.2d 144, 147 (Tex. App.—San Antonio 1993, writ denied) (recognizing expert witness fees concerning extent of wife's community interest in husband's retirement fund not authorized because such award was only authorized in "proceeding to enforce a property division").

Mandamus is an extreme remedy, and to be entitled to such relief, a petitioner must show that the trial court clearly abused its discretion and that the relator has no adequate remedy by appeal. *In re McAllen Med. Ctr.*, *Inc*., 275 S.W.3d 458 (Tex. 2008) (orig. proceeding). The

---

granted for confinement in a mental hospital under Section 6.007.

      (b)     The expenses of counseling may be taxed as costs against either or both parties.

TEX. FAM. CODE ANN. § 6.708.

[4]This provision of the Texas Family Code was repealed in 1997 (*See* Act of Apr. 3, 1997, 75th Leg., R.S., ch. 7, § 3, 1997 Tex. Gen. Laws 8, 39 (current version at TEX. FAM. CODE ANN. §§ 9.013–.014 (West 2006))). Section 9.013 provides (as did former Section 3.77 of the Texas Family Code), "[t]he court may award costs in a proceeding to enforce a property division under this subchapter as in other civil cases." TEX. FAM. CODE ANN. § 9.013.

adequacy of an appellate remedy must be determined by balancing the benefits of mandamus review against its detriments. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 136 (Tex. 2004) (orig. proceeding). The trial court abuses its discretion if it reaches a decision so arbitrary and unreasonable as to constitute a clear and prejudicial error of law. *Walker v. Packer*, 827 S.W.3d 833, 839–40 (Tex. 1992) (orig. proceeding).

This matter was before the trial court for purposes of property division on remand. In this circumstance, the trial court was permitted to enter orders for fees and costs.[5] Such orders are in the nature of temporary orders, and are not subject to interlocutory appeal. *See* TEX. FAM. CODE ANN. § 6.507 (West 2006) ("An order under this subchapter, except an order appointing a receiver, is not subject to interlocutory appeal."); *In re Marriage of Townsend*, No. 06-00-00081-CV, 2000 WL 1055592 (Tex. App.—Texarkana Aug. 21, 2000, no pet.) (mem. op.). Mandamus is therefore an appropriate means to challenge temporary orders. *See, e.g.*, *In re Derzapf*, 219 S.W.3d 327, 334–34 (Tex. 2007) (orig. proceeding) (granting mandamus relief and directing trial court to vacate its temporary orders granting grandparents access to grandchild); *Little v. Daggett*, 858 S.W.2d 368, 369 (Tex. 1993) (orig. proceeding) (holding mandamus is appropriate remedy because "the trial court's issuance of temporary orders is not subject to interlocutory appeal); *In re J.W.L.*, 291 S.W.3d 79, 83 (Tex. App.—Fort Worth 2009, orig. proceeding) (mandamus appropriate to challenge temporary orders because they are not subject to interlocutory appeal).

---

[5]*See* TEX. FAM. CODE ANN. § 6.502(a)(4) (West 2006) (after notice and hearing, court may render order for payment of reasonable attorney's fees and expenses); TEX. FAM. CODE ANN. § 6.708 (in suit for dissolution of marriage, court may award costs to party, as it considers reasonable).

Because the trial court's order is not subject to interlocutory appeal, we must determine whether the trial court abused its discretion in entering such order.

The authority for awarding expert witness fees, as cited above, is sparse and does not directly relate to post-divorce property division actions. Nevertheless, this action is unique in that the fees are presumably to be paid from the parties' community property. Such property, if in Christine's possession, would purportedly be sufficient to pay expert valuation fees. As a matter of equity and as a matter of discretion, the trial court was permitted to order the payment of such fees from community property in Slanker's sole possession. However, the trial court did not require the expert fee payment to be made from proceeds of community property in Slanker's sole possession. Moreover, the trial court was without discretion to award such fees in the total and complete absence of evidence. *See Farley*, 930 S.W.2d at 214; *see also Post v. Garza*, 867 S.W.2d 88, 89 (Tex. App.—Corpus Christi 1993, orig. proceeding) (trial court's refusal to allow relator to cross-examine attorney or present evidence of attorney's fees was clear abuse of discretion).

Here, the order for payment of the expert witness fee was made in the absence of evidentiary support in the record from either Slanker or Christine in terms of the reasonableness of the fee award or the relative ability of each party to pay such fees. In addition, the record fails to support the determination that Slanker alone should be required to pay 100 percent of this fee. In

light of these considerations, Slanker is entitled to a conditional writ of mandamus ordering the trial court to strike its order granting expert witness fees.

We conditionally grant the petition for writ of mandamus with respect to the expert witness fee award. Mandamus will issue only in the circumstance the trial court fails to strike the expert witness fee order within ten days of this opinion.

Bailey C. Moseley
Justice

Date Submitted: April 12, 2012
Date Decided: April 13, 2012