

# COURT OF APPEALS
**SECOND DISTRICT OF TEXAS**
**FORT WORTH**

## NO. 02-14-00239-CV

IN RE DANNY EATON

----------

ORIGINAL PROCEEDING
TRIAL COURT NO. 360-557201-14

----------

## MEMORANDUM OPINION[1]

----------

In this mandamus proceeding, relator Danny Eaton asks this court to order the respondent trial court to vacate its temporary orders awarding real party in interest Donna Eaton temporary spousal support and interim attorneys' fees contrary to Danny and Donna's separation agreement. Because we conclude that Danny does not have an adequate appellate remedy and that the trial court clearly abused its discretion, we conditionally grant mandamus relief.

---

[1]*See* Tex. R. App. P. 47.4.

# I. BACKGROUND

## A. SEPARATION AND DIVORCE

After marrying on October 12, 2001, Danny and Donna formally separated over seven years later. At the time of the separation, they did not intend to divorce but signed a separation agreement on March 13, 2009, that would be "a full, final, fair and equitable division of their community estate effective as of [March 13, 2009]." The separation agreement provided that "all earnings, salary, wages, bonuses, commissions or dividends of either party received or earned after [March 13, 2009]" would be "the separate property of the parties." Each waived any claim to the separate property of the other. Danny agreed to provide medical insurance for Donna through his employer[2] and to pay Donna a lump sum followed by periodic payments until March 13, 2011, which were for "general support, a travel allowance and money for uninsured medical expenses and dietary supplements." In exchange, Donna agreed that any claim she might have "to the community estate of the parties or the separate estate of [Danny]" was fully satisfied by the provisions in the separation agreement.

On May 16, 2014, which was three years after Donna received her last payment from Danny, Donna filed a divorce petition requesting a disproportionate share of the community estate and court-ordered spousal maintenance. Danny answered the petition and asserted that the separation agreement was a valid

---

[2]It appears Danny continued to provide Donna with medical insurance through his employer at the time of the divorce petition.

2

marital property agreement and that the property division in the agreement should be "enforced."[3]  *See* Tex. Fam. Code Ann. §§ 4.102–.105 (West 2006); *see also* Tex. Const. art. XVI, § 15.  The trial court set a hearing to determine whether Danny should be ordered to pay Donna temporary support until the divorce was final and whether Danny should "pay reasonable interim attorney's fees and expenses."

## B.  TEMPORARY ORDERS

The trial court's associate judge presided over the May 30 hearing[4] and entered a report for temporary orders requiring Danny to pay $6,000 per month in temporary spousal support for three months, ending in August 2014.[5]  *E.g.*, Tex. Fam. Code Ann. § 201.011 (West 2014).  Danny was also required to pay Donna's attorney $5,000 in interim attorney's fees and expenses.  The associate

---

[3]Neither Danny nor Donna have asserted that the agreement was an agreement incident to divorce, which could have been repudiated at any time before the divorce was final and would have required judicial approval.  *See* Tex. Fam. Code Ann. § 7.006 (West 2006).  We agree that the terms of the agreement show that Danny and Donna did not intend to "promote amicable settlement of disputes in a suit for divorce" nor did they intend to divorce at the time they entered into the agreement.  *Id.*; *see Morin–Spatz v. Spatz,* No. 05-00-01580-CV, 2002 WL 576513, at *5–6 (Tex. App.—Dallas Apr. 18, 2002, no pet.) (construing marital agreement to be a partition or exchange agreement and not agreement incident to divorce based on intent of parties reflected in terms of agreement).

[4]The mandamus record does not include a referral order from the trial court to the associate judge, but no party argues that the case was not properly referred.  *See* Tex. Fam. Code Ann. §§ 201.005–.006 (West 2014).

[5]In her financial information statement, Donna requested $8,000 per month in temporary spousal support.

3

judge specifically noted in her report that there was a 2009 separation agreement but that "the court did not rule and was not asked to rule on [its] validity today." Danny and Donna agree that a court reporter was not provided for the May 30 hearing. *See id.* § 201.009(a) (West 2014). Danny did not request a de novo hearing of the associate judge's report. *See id.* § 201.015 (West 2014).

Danny filed a motion to reconsider with the associate judge, however, and argued that the terms of the report "are inconsistent with the terms of the parties' Separation Agreement." On July 16, 2014, the associate judge denied Danny's motion to reconsider, entered temporary orders consistent with her prior report, and denied Danny's request to place the ordered payments into the trial court's registry. *See id.* § 6.502(a)(2), (4) (West 2006). Although signed by the associate judge, the temporary orders constituted an order of the referring court. *See id.* § 201.007(c) (West 2014).

### C. MANDAMUS

On August 5, 2014, Danny filed a petition for writ of mandamus requesting that this court vacate the trial court's temporary orders. Because there was no court reporter provided at the May 30 hearing, Danny included a statement that because the issues raised in his mandamus petition involve questions of law, the testimony adduced at the hearing was not relevant. *See* Tex. R. App. P. 52.7(a)(2). Danny also asked for temporary relief in the form of an order authorizing Danny to place the payments ordered into the trial court's registry. We granted Danny's requested temporary relief pending our action on the

4

petition. *See* Tex. R. App. P. 52.10(b). Because we reached the tentative opinion that a serious question concerning the relief required further consideration, we further requested that Donna respond to Danny's petition. *See* Tex. R. App. P. 52.8(b). After Donna responded as ordered, Danny filed a reply. *See* Tex. R. App. P. 52.4, 52.5.

As a preliminary issue, Donna asserts that the absence of a record from the May 30 hearing is fatal to Danny's mandamus request because testimony relevant to Danny's claim was elicited at the hearing. We conclude that Danny's claims center on whether the trial court's temporary orders violated the terms of the separation agreement, which is a question of law. Neither Danny's nor Donna's factual testimony at the May 30 hearing bears on the legal effect of the separation agreement on the resulting temporary orders. *See generally* Tex. Fam. Code Ann. § 4.105(b) (providing enforceability of marital partition agreement "shall be decided by the court as a matter of law"). Additionally, the parties do not dispute what facts were adduced at the hearing. Therefore, a record from the May 30 hearing is not required in this instance. *See, e.g.*, *In re Carter*, No. 01-13-01021-CV, 2014 WL 2809822, at *1 n.2 (Tex. App.—Houston [1st Dist.] June 19, 2014, orig. proceeding) (mem. op.) (granting habeas corpus relief even though relator failed to file reporter's record from hearing because "the testimony adduced at the hearing is not relevant or necessary to the disposition of this petition"); *In re Health Discovery Corp.*, 148 S.W.3d 163, 165–66 n.4 (Tex. App.—Waco 2004, orig. proceeding) ("suspend[ing]" requirements of rule

5

52.7(a)(1) "[i]n the absence of any dispute concerning the factual basis for Relator's request in this original proceeding"). *See generally* Tex. R. App. P. 52.7(a)(2) (requiring "properly authenticated transcript of any *relevant* testimony from any underlying proceeding" (emphasis added)).

## II.  DISCUSSION

### A.  AVAILABILITY OF REMEDY

Mandamus relief is available only if the relator establishes that the trial court abused its discretion and no adequate appellate remedy exists*. In re State*, 355 S.W.3d 611, 613 (Tex. 2011) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding).  A trial court clearly abuses its discretion when it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law or if it clearly fails to correctly analyze or apply the law. *In re Olshan Found. Repair Co.*, 328 S.W.3d 883, 888 (Tex. 2010) (orig. proceeding); *Walker*, 827 S.W.2d at 839.  Determining whether a party has an adequate remedy by appeal requires a balancing of the benefits and detriments of mandamus review.  *In re Prudential Ins. Co. of Am.,* 148 S.W.3d 124, 136 (Tex. 2004) (orig. proceeding).

### B.  ADEQUATE APPELLATE REMEDY

Temporary orders entered in divorce actions may not be immediately appealed.  Tex. Fam. Code Ann. § 6.507 (West 2006).  As a result, Danny lacks a clear and adequate remedy at law and, thus, has satisfied the first requirement for mandamus relief.  *E.g., In re Slanker*, 365 S.W.3d 718, 721 (Tex. App.—

6

Texarkana 2012, orig. proceeding) (citing *In re Derzapf*, 219 S.W.3d 327, 334–35 (Tex. 2007) (orig. proceeding)); *In re J.W.L.*, 291 S.W.3d 79, 83 (Tex. App.—Fort Worth 2009, orig. proceeding [mand. denied]); *accord United States v. Emerson*, 270 F.3d 203, 263 (5th Cir. 2001) (recognizing review of section 6.502 temporary orders is "available by mandamus"), *cert. denied*, 536 U.S. 907 (2002).

Donna asserts that Danny has not satisfied this prerequisite to mandamus relief because he failed to seek de novo review of either the associate judge's report or the associate judge's refusal to reconsider the report, which were adequate remedies at law. First, the family code clearly provides that the failure to seek de novo review before the referring court "does not deprive the party of the right to appeal to or request other relief from a court of appeals or the supreme court." Tex. Fam. Code Ann. § 201.016(a) (West 2014); *see also In re S.G.S.*, 53 S.W.3d 848, 852 (Tex. App.—Fort Worth 2001, no pet.) (holding failure to seek de novo review of associate judge's denial of motion to transfer venue did not preclude appeal). Second, Danny does not challenge the associate judge's report but rather the referring court's temporary orders requiring payment of spousal support and attorney's fees. Although signed by the associate judge, the temporary orders constituted an order of the referring court. *See* Tex. Fam. Code Ann. § 201.007(c) (providing associate judge's temporary orders are construed to be orders of referring court). Even if de novo review were a necessary prerequisite to seeking mandamus relief in this court, Danny's failure to do so after the associate judge's report would not affect the

7

availability of the relief he seeks from the subsequent temporary orders of the referring court. Therefore, Danny's failure to seek de novo review before the referring court does not affect the lack of an adequate appellate remedy.

## C. ABUSE OF DISCRETION

The associate judge's temporary orders, which constituted orders of the referring court, required Danny to pay Donna temporary spousal support for three months and interim attorney's fees and expenses. Of course, such orders are authorized under the family code. *See* Tex. Fam. Code Ann. §§ 6.502, 201.007(a)(14)(C).

Danny argues, however, that the referring court clearly abused its discretion by entering the temporary orders because the separation agreement was a marital property agreement—specifically, a partition or exchange agreement (a PEA)—and the relief granted to Donna was waived or fully satisfied under the terms of the separation agreement. Donna asserts that the agreement cannot be considered a PEA because it included neither the word "partition" nor language that partition was intended by Danny and Donna. We disagree that an agreement must contain the word "partition" to be construed as a PEA. To qualify as a PEA, the agreement must (1) be in writing, (2) be signed by both parties, and (3) either contain a reference to partition or show an intent to convert community property into separate property. *See* Tex. Fam. Code Ann. §§ 4.102, .104; *Ahmed v. Ahmed*, 261 S.W.3d 190, 195 (Tex. App.—Houston [14th Dist.] 2008, no pet.); *Byrnes v. Byrnes*, 19 S.W.3d 556, 559 (Tex. App.—Fort Worth

8

2000, no pet.). The first two requirements are undisputedly met. The third requirement is also met because the agreement clearly indicated that Danny and Donna intended to divide their community property between themselves and to recharacterize the divided community property as their respective separate property. *Cf. McPhee v. Internal Revenue Serv.*, No. Civ.A.300CV2028D, 2002 WL 31045978, at *2–3 (N.D. Tex. Sept. 10, 2002) (mem. op. on recons.) (questioning whether separation agreement could be a PEA under section 4.102 because agreement did not address partition of property acquired in the future and focused on restricting conveyances rather than partitioning property); *Byrnes*, 19 S.W.3d at 559 & n.2 (holding assignment to wife of future financial benefits from husband's retirement pay "to fully discharge all obligations arising from marriage, other than division of property," was not a partition agreement because it required judicial approval by its terms and was a complete forfeiture of husband's interest); *McBride v. McBride*, 797 S.W.2d 689, 692 (Tex. App.— Houston [14th Dist.] 1990, writ denied) ("[T]he term 'partition' as used in the Family Code contemplates a division of property among the parties, not a complete forfeiture."). The separation agreement was a PEA as contemplated by section 4.102.

A PEA is presumptively enforceable, and the party seeking to show that such an agreement is not enforceable bears the burden to show that the agreement was involuntarily executed or unconscionable. *See* Tex. Fam. Code Ann. § 4.105(a) (West 2006); *Sheshunoff v. Sheshunoff*, 172 S.W.3d 686, 694

9

(Tex. App.—Austin 2005, pet. denied); *Grossman v. Grossman*, 799 S.W.2d 511, 513 (Tex. App.—Corpus Christi 1990, no writ).  Here, Donna did not assert either of the statutory bases that would render the agreement unenforceable and, indeed, did not ask the associate judge to rule on the validity of the agreement.  Therefore, the agreement was presumptively enforceable and required no judicial approval to be effective.  *See Byrnes*, 19 S.W.3d at 559 n.2.

This presumptively enforceable agreement partitioned Danny and Donna's community property, including future earnings or salaries, between themselves and designated such property as separate property.  Both recognized that any community estate had been partitioned and recharacterized as separate property by the agreement and agreed that the partition or exchange evidenced in the agreement fully and completely satisfied "any claim . . . in law or in equity" to the other's separate property.  Therefore, the agreement resulted in there being no community estate to divide in the event of divorce.  In fact, Donna was entitled to receive no payments from Danny under the terms of the agreement after 2011— three years before she filed the divorce petition.

Donna asserts that the agreement created a joint tenancy in Danny's separate property because all future earnings were characterized as the separate property of the "parties."  The nature of Donna's interest in Danny's separate-property earnings is not for us to decide because that issue involves the question of how to incorporate the agreement into the final divorce decree as expressly provided in the agreement:  "[T]he parties agree this agreement shall

be binding on both parties in the event of divorce, and shall, if applicable, and allowed by law, be incorporated into any divorce decree." *See* Tex. Fam. Code Ann. § 7.002(c) (West 2006). The agreement was presumptively valid at the time of the temporary orders and clearly waived any claim Donna had to Danny's separate property. What we are asked to decide is not how the agreement should be incorporated into any final divorce decree but whether the trial court abused its discretion by awarding temporary spousal support and interim attorney's fees in light of the presumptively valid agreement.

The purpose of temporary spousal maintenance is to protect the welfare of a "financially dependent" spouse or to maintain the status quo of the family until the final divorce decree. *Herschberg v. Herschberg*, 994 S.W.2d 273, 277–78 (Tex. App.—Corpus Christi 1999, no pet.). Here, the parties' status quo under the terms of the presumptively enforceable PEA was that there was no community estate and that Donna received no monetary support from Danny. As stated above, a trial court has the general discretion to make temporary orders to preserve the marital property and protect the parties. *See In re Wymore*, No. 2-05-056-CV, 2005 WL 737476, at *3 (Tex. App.—Fort Worth Mar. 31, 2005, orig. proceeding) (mem. op.). But by ordering temporary spousal support and interim attorney's fees even though there was a presumptively valid PEA, which provided for no community estate and no monetary support after 2011, the trial court incorrectly applied the law, thereby abusing its discretion. *See, e.g.*, *Herschberg*, 994 S.W.2d at 278–79 (recognizing temporary support is not a

11

property right but is for the maintenance of the family); *Grossnickle v. Grossnickle*, 935 S.W.2d 830, 847 (Tex. App.—Texarkana 1996, writ denied) (recognizing ordered attorney's-fees payments necessarily come from the community estate); *Chiles v. Chiles*, 779 S.W.2d 127, 129 (Tex. App.—Houston [14th Dist.] 1989, writ denied) ("Because we have found that there was no community property estate [as a result of premarital agreement], the award of attorney's fees was error."), *disapproved on other grounds by Twyman v. Twyman*, 855 S.W.2d 619 (Tex. 1993). *See generally Walker*, 827 S.W.2d at 840 ("A trial court has no 'discretion' in determining what the law is or applying the law to the facts.").

Further, the presumptively enforceable agreement should have controlled and superseded the court's jurisdiction to order temporary spousal support and interim attorney's fees. *Cf. Schecter v. Schecter*, 579 S.W.2d 502, 506 (Tex. Civ. App.—Dallas 1978, no writ) (presuming trial court considered valid premarital agreement barring temporary alimony to wife in dividing the property and awarding larger share of community estate to husband). Although Danny and Donna's agreement did not specifically mention temporary spousal support or interim attorney's fees, the agreement did specify that the agreement fully satisfied *any* and *all* claims one would have to the other's separate property and that there was no community estate after the date of the agreement. This

12

language necessarily precluded any award of temporary spousal support or interim attorney's fees.[6]

## III. CONCLUSION

Having concluded that Danny has no adequate appellate remedy and that the trial court abused its discretion by ordering temporary spousal support and interim attorney's fees in contravention of the parties' presumptively enforceable PEA, we conditionally grant the petition for writ of mandamus and order the trial court to vacate the temporary orders. The trial court further shall return the monies deposited in the trial court's registry to Danny. The writ of mandamus will issue only if the trial court does not comply.

/s/Lee Gabriel
LEE GABRIEL
JUSTICE

PANEL: DAUPHINOT, GARDNER, and GABRIEL, JJ.

DELIVERED: September 25, 2014

---

[6]We need not address Danny's alternative argument that the ordered amount of temporary spousal support improperly exceeded the statutory maximum applicable to spousal maintenance. *See* Tex. R. App. P. 47.1, 52.8(d); *see also* Tex. Fam. Code Ann. § 8.055(a) (West Supp. 2014).

13