*Court of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*



# OPINION

No. 04-10-00304-CV

Jose F. **DIAZ**,
Appellant

v.

Liliana M. **DIAZ**,
Appellee

From the 225th Judicial District Court, Bexar County, Texas
Trial Court No. 2009-CI-00985
Honorable Peter A. Sakai, Judge Presiding

Opinion by:    Catherine Stone, Chief Justice

Sitting:    Catherine Stone, Chief Justice
    Phylis J. Speedlin, Justice
    Steven C. Hilbig, Justice

Delivered and Filed:  June 22, 2011

AFFIRMED AS REFORMED

In conjunction with the en banc court's denial of appellant's motion for rehearing en banc, the panel, on its own motion, withdraws its prior opinion and judgment.  The panel substitutes a new opinion and judgment to clarify our analysis with regard to the trial court's award of a judgment for an expert witness fee.

Jose F. Diaz appeals the portions of a divorce decree awarding Liliana M. Diaz spousal maintenance and a judgment of $3,750 for an expert witness fee.  We reform the trial court's

judgment to reduce the expert witness fee award to $3,037.50 and affirm the judgment as reformed.

## SPOUSAL MAINTENANCE

We review an award of spousal maintenance under an abuse of discretion standard. *Chafino v. Chafino*, 228 S.W.3d 467, 474 (Tex. App.—El Paso 2007, no pet.); *Sheshtawy v. Sheshtawy*, 150 S.W.3d 772, 777 (Tex. App.—San Antonio 2004, pet. denied). Under the abuse of discretion standard, legal and factual sufficiency of the evidence are not independent grounds for asserting error, but they are relevant factors in assessing whether the trial court abused its discretion. *Brooks v. Brooks*, 257 S.W.3d 418, 425 (Tex. App.—Fort Worth 2008, pet. denied). The trial court does not abuse its discretion, however, if there is some evidence of a substantive and probative character to support the decision or if reasonable minds could differ as to the result. *In re Marriage of McFarland*, 176 S.W.3d 650, 656 (Tex. App.—Texarkana 2005, no pet.); *Amos v. Amos*, 79 S.W.3d 747, 749 (Tex. App.—Corpus Christi 2002, no pet.).

Jose contends the trial court abused its discretion in the instant case because the evidence was insufficient to establish that Liliana lacked sufficient property to provide for her minimum reasonable needs. Jose also contends that Liliana failed to present sufficient evidence to establish her earning ability in the labor market.

We begin with the statutory presumption that spousal maintenance is not warranted unless the spouse seeking maintenance has exercised diligence in: (1) seeking suitable employment; or (2) developing the necessary skills to become self-supporting during a period of separation and during the time the suit for dissolution of the marriage is pending. TEX. FAM. CODE ANN. § 8.053(a) (West 2006). Jose and Liliana were married on July 20, 1991, and separated on August 1, 2008. Jose and Liliana have three children who were sixteen, fifteen, and

eleven years old, respectively, at the time of the separation. Liliana was given the right to designate the primary residence of the children. Liliana required an interpreter at trial because she does not speak English. Evidence was introduced establishing that Liliana runs a janitorial business. During 2008, the business had gross receipts of almost $50,000 and a net income of $19,460. The evidence further showed that services were provided for at least seven clients in 2008. The trial court found Liliana was developing the necessary skills to become self-supporting during the period of separation and during the time the suit for dissolution was pending. Based on the evidence presented, we hold that the trial court did not abuse its discretion in concluding that Liliana had overcome the presumption against spousal maintenance.

Pursuant to section 8.051(2)(C) of the Texas Family Code, a trial court may award spousal maintenance where the duration of a marriage was 10 years or longer and the spouse seeking maintenance: (1) lacks sufficient property, including property awarded to the spouse in the divorce proceedings, to provide for the spouse's minimum reasonable needs; and (2) clearly lacks earning ability in the labor market adequate to provide support for the spouse's minimum reasonable needs. TEX. FAM. CODE ANN. § 8.051(2)(C) (West 2006). The term "minimum reasonable needs" is not defined in the Family Code. Therefore, determining what the "minimum reasonable needs" are for a particular individual is a fact-specific determination which must be made by the trial court on a case-by-case basis. *Chafino*, 228 S.W.3d at 475; *Amos*, 79 S.W.3d at 749. While a list of expenses is helpful, such a list is not the only evidence upon which a trial court can determine a person's "minimum reasonable needs." *Truehart v. Truehart*, No. 14-02-01256-CV, 2003 WL 22176626, at *2 (Tex. App.—Houston [14th Dist.] Sept. 23, 2003, no pet.) (mem. op.).

The only significant assets awarded to Liliana during the divorce proceedings were the house and two cars; however, Liliana was also ordered to pay the mortgage on the home and the balance due on the notes payable on the cars. The evidence established that Liliana would be required to pay approximately $9,300 in annual home mortgage interest. The evidence further established that Liliana would be required to pay approximately $1,000 each year for homeowner's insurance, and approximately $3,000 in property taxes. Just considering these expenses, Liliana would be required to pay $13,300 annually. As previously noted, the evidence established that the annual net income Liliana was receiving at the time of the divorce was the net income from her business of $19,460. Deducting just the annual expenses for mortgage interest, homeowner's insurance, and property taxes, Liliana would have approximately only $6,000 a year or approximately $500 per month to pay all other household expenses, including the payments and insurance on the two cars. Based on the evidence presented, the trial court did not abuse its discretion in determining that Liliana lacks sufficient property, including property awarded to her in the divorce proceedings, to provide for her minimum reasonable needs.

With regard to Liliana's earning ability in the labor market, Liliana does not speak English. *See Alaghehband v. Abolbaghaei*, No. 03-02-00445-CV, 2003 WL 1986777 (Tex. App.—Austin May 1, 2003, no pet.) (referring to spouse only recently learning to speak English as evidence of spouse's lack of earning ability) (mem. op.). In addition, Liliana's work schedule must allow her to care for her three children. *See id.* In his brief, Jose contends Liliana did not prove her lack of earning ability because she presented no evidence that she had attempted to look for employment. To the contrary, the record established that Liliana was employed by running a janitorial business; however, the business at that time was only producing a net income of approximately $19,000. Given Liliana's inability to speak English and the status of her

janitorial business, the trial court did not abuse its discretion in determining that Liliana clearly lacked earning ability in the labor market adequate to provide support for her minimum reasonable needs at the current time. The trial court could have believed that the three years of spousal support would provide Liliana the opportunity to learn English and to grow her janitorial business such that her earning ability in the future could be adequate to support her minimum reasonable needs.

Jose's first issue is overruled.

### EXPERT WITNESS FEE

In his second issue, Jose contends the trial court abused its discretion in awarding Liliana an expert witness fee as court costs. The divorce decree awards Liliana a judgment of $3,750 as costs of court. From the record, it is readily apparent that the $3,750 is for the expense Liliana incurred in retaining an expert to value the business which was awarded to Jose as part of the property division.

Jose cites TEX. R. CIV. P. 131 and TEX. R. CIV. P. 141 as the basis for his complaint and contends that Liliana was required to show "good cause" in order to obtain an award for costs. The opinions cited by Jose as support for his contention, however, are in contexts other than the family law context and to which Rule 131 and Rule 141 of the Texas Rules of Civil Procedure apply. *See Richards v. Mena*, 907 S.W.2d 566, 571 (Tex. App.—Corpus Christi 1995, writ dism'd); *Whitley v. King*, 581 S.W.2d 541, 544 (Tex. Civ. App.—Fort Worth 1979, no writ). The expert witness fee awarded by the trial court in this case is governed by the Texas Family Code. *See* TEX. FAM. CODE ANN. § 6.708 (West 2006); TEX. FAM. CODE ANN. §§ 106.001, 106.002 (West 2008); *see also Neal v. Kunianksy*, No. 01-05-00368-CV, 2006 WL 1493735, at *3 n.2 (Tex. App.—Houston [1st Dist.] June 1, 2006, no pet.) (noting suit for divorce in which

the parties are parents of minor children necessarily includes a suit affecting the parent-child relationship) (mem. op.); *Capellen v. Capellen*, 888 S.W.2d 539, 545 (Tex. App.—El Paso 1994, writ denied) (same).  The provisions of the Family Code with respect to attorney's fees and costs were intended to supplant the Texas Rules of Civil Procedure.  *Casteel-Diebolt v. Diebolt*, 912 S.W.2d 302, 305 (Tex. App.—Houston [14th Dist.] 1995, no writ).  In recognition of the unique posture of family law cases, the Legislature even amended the Family Code in 1981 to eliminate a prior reference requiring costs to be assessed "as in other civil cases."  *See Billeaud v. Billeaud*, 697 S.W.2d 652, 655 (Tex. App.—Houston [1st Dist.] 1985, no writ).  We acknowledge that Rule 141 of the Texas Rules of Civil Procedure requires a trial court to make a "good cause" finding before adjudging costs "otherwise than as provided by law or these rules" or "other than those customarily taxed."  TEX. R. CIV. P. 141; *Headington Oil Co., L.P. v. White*, 287 S.W.3d 204, 212-13 (Tex. App.—Houston [14th Dist.] 2009, no pet.) (reversing award of the cost of expert witness fees because trial court's findings failed to demonstrate good cause).  Trial courts in the family law context, however, are not bound by this "good cause" requirement.  *See Young v. Young*, 168 S.W.3d 276, 287 (Tex. App.—Dallas 2005, no pet.) (noting trial court has discretion to award costs under section 6.708 of the Texas Family Code regardless of the applicability of Rule 131); *Billeaud*, 697 S.W.2d at 655 (noting good cause requirement not applicable in family law cases).

Focusing our attention on the family law context, we must be mindful of the nature of the underlying proceeding.  As previously noted, a suit for divorce in which the parties are parents of minor children necessarily includes a suit affecting the parent-child relationship ("SAPCR").  *Neal*, 2006 WL 1493735, at *3 n.2; *Capellen*, 888 S.W.2d at 545.  In a cause involving both a divorce proceeding and a SAPCR, a trial court has broad discretion in awarding attorney's fees,

expenses and costs under sections 6.708, 106.001, and 106.002 of the Family Code. *Bruni v. Bruni*, 924 S.W.2d 366, 368 (Tex. 1996); *Tull v. Tull*, 159 S.W.3d 758, 760 (Tex. App.—Dallas 2005, no pet.). Under an abuse of discretion standard, we will not reverse the trial court's judgment if the trial court reaches a correct result even for a wrong reason. *Chenault v. Banks*, 296 S.W.3d 186, 190 (Tex. App.—Houston [14th Dist.] 2009, no pet.); *Luxenberg v. Marshall*, 835 S.W.2d 136, 141-42 (Tex. App.—Dallas 1992, orig. proceeding).

At least one opinion supports Liliana's contention that the trial court had the discretion to award her the expert witness fee as costs under section 6.708. *See Farley v. Farley*, 930 S.W.2d 208, 213-14 (Tex. App.—Eastland 1996, no writ); *cf. Headington Oil Co., L.P.*, 287 S.W.3d at 212-13 (suggesting expert witness fees could be awarded as costs under Rule 141 if the record supported a finding of good cause). The Eastland court's holding, however, appears to blur the traditional distinction between expenses and costs of court. Moreover, this court is not required to rely on section 6.708 as support for the trial court's award in the instant case. Because the underlying cause involved both a divorce proceeding and a SAPCR, section 106.002 expressly authorized the trial court to award Liliana her expenses. *See* TEX. FAM. CODE ANN. § 106.002(a) (West 2008). Although the trial court awards a judgment for the expert witness fee as costs, the trial court could correctly have awarded the fee as an expense; therefore, even if such an award was not permissible as an award of costs, the trial court reached a correct result in awarding a judgment for the expert witness fee even if it did so for a wrong reason.[1] Accordingly, the trial

---

[1] We further note the trial court also had the discretion to apportion the expert witness fee as part of the just and right division of property. *See Henry v. Henry*, 48 S.W.3d 468, 480 (Tex. App.—Houston [14th Dist.] 2001, no pet.); *Capallen*, 888 S.W.2d at 544.

court did not abuse its discretion in awarding Liliana a judgment for the expert witness fee.[2] *See id.*; s*ee also Chenault*, 296 S.W.3d at 190; *Luxenberg*, 835 S.W.2d at 141-42.

Jose also asserts that the testimony was insufficient to support an award of $3,750, and the testimony regarding the expense was speculative and conclusory. Initially, we note that a copy of the business valuation report was introduced into evidence, and the trial court heard the expert's testimony regarding the report, including testimony about the expert's qualifications and the nature of the work he performed. The trial court could consider this evidence in considering the amount to be awarded for the expert's services. Liliana's attorney testified that the amount of the expense paid to the expert was $3,037.50. Therefore, although the award of the expert witness fee to Liliana was within the trial court's discretion, the award exceeded the stated amount of the expense. Accordingly, the judgment is reformed to award $3,037.50 to Liliana for the expert witness fee. *See Sims v. Sims*, No. 08-02-00038-CV, 2003 WL 22025907, at *4 (Tex. App.—El Paso Aug. 29, 2003, no pet.) (reforming judgment where trial court increased attorney's fees based on matters not appearing in the record) (mem. op.); *Carson v. Carson*, 528 S.W.2d 308, 309 (Tex. App.—Waco 1975, no writ) (reforming judgment to limit attorney's fee award to amount party agreed to pay attorney).

## CONCLUSION

The judgment of the trial court is reformed to reduce the award for the expert witness fee from $3,750 to $3,037.50. The trial court's judgment is affirmed as reformed.

Catherine Stone, Chief Justice

---

[2] Although we hold the trial court did not abuse its discretion in awarding Liliana a judgment for the expert witness fee, we would encourage trial courts in the family law context to be precise in granting an award for such an expense in future cases, taking care to avoid blurring the traditional distinction between expenses and court costs.