**Motion for Rehearing Granted; Opinion filed July 12, 2012 Withdrawn; Petition for Writ of Mandamus Denied and Memorandum Opinion filed September 6, 2012.**



In The

# Fourteenth Court of Appeals

### NO. 14-12-00558-CV

## IN RE MICHAEL WEISINGER, Relator

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**328th District Court**
**Fort Bend County**
**Trial Court Cause No. 11-DCV-189139**

## MEMORANDUM OPINION ON REHEARING

On June 18, 2012, relator Michael Weisinger filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. §22.221; *see also* Tex. R. App. P. 52. In the petition, relator asked this court to compel Walter Armatys, associate judge of the 328th District Court of Fort Bend County, to vacate the March 27, 2012 order appointing Dr. Bernard Gerber as an expert witness, and the June 4, 2012 order requiring relator to pay Dr. Gerber's fee. On July 12, 2012, we dismissed the petition for want of jurisdiction because our mandamus jurisdiction does not extend to associate judges. *In re Weisinger*,

No. 14-12-00558-CV; 2012 WL 2877682 (Tex. App.—Houston [14th Dist.] July 12, 2012, orig. proceeding). On July 17, 2012, relator filed a motion for rehearing and second amended petition to which he attached the order signed by Judge Ronald Pope, presiding judge of the 328th District Court. We grant relator's motion for rehearing, withdraw our previous opinion issued July 12, 2012, and issue this memorandum opinion in its place.

## Background

On February 16, 2011, relator's ex-wife, Janna Sue Fries, filed a petition to modify the parent-child relationship seeking indefinite child support for J.M.W., an adult child, asserting the child suffers from multiple mental disabilities that render him incapable of self-support. On February 14, 2012, relator filed a motion for physical and mental examination in the trial court asking the court to require J.M.W. to undergo a physical and mental examination by Dr. Seth Silverman. Fries objected to relator's motion on the grounds that J.M.W. had been evaluated by his treating psychiatrist and a second psychiatrist. Further, an independent evaluation had been performed by a psychologist. Fries requested that in the event the court granted relator's request, the court also order relator to pay the costs of the evaluation because she had paid for three previous evaluations.

On February 27, 2012, Judge Ronald Pope, presiding judge of the 328th District Court, held a hearing at which both relator and Fries were represented by counsel. Relator argued that a Montgomery County court had previously ordered a mental and physical evaluation conducted by Dr. Silverman. Judge Pope agreed to authorize the independent evaluation, but declined to appoint Dr. Silverman. He requested that the parties attempt to agree on an individual to conduct the examination. Judge Pope instructed the parties that if they could not agree, they should return with two or three

2

names from which the court could choose. At that time, Judge Pope expressed his intent to require relator to pay for the evaluation.

On March 27, 2012, Judge Pope signed an order appointing Dr. Bernard Gerber as an independent expert and requiring relator to pay Dr. Gerber's fees. No record was made of the hearing held March 27, 2012.

In his petition, relator contends the trial court abused its discretion (1) by excluding relator's expert Dr. Silverman from performing an independent physical and mental evaluation on J.M.W., thus prohibiting or depriving relator of the ability to prepare for and conduct a meaningful trial on the merits, (2) appointing Dr. Gerber to perform the independent psychological evaluation and "in essence act as [relator]'s expert witness," and (3) ordering relator to bear the cost of Dr. Gerber's evaluation.

## Mandamus Standard

Mandamus is an extreme remedy, and to be entitled to such relief, a petitioner generally must show that the trial court clearly abused its discretion and that the relator has no adequate remedy by appeal. *In re McAllen Med. Ctr., Inc.*, 275 S.W.3d 458 (Tex. 2008) (orig. proceeding). The adequacy of an appellate remedy must be determined by balancing the benefits of mandamus review against its detriments. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 136 (Tex. 2004) (orig. proceeding). The trial court abuses its discretion if it reaches a decision so arbitrary and unreasonable as to constitute a clear and prejudicial error of law. *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding).

## Analysis

Relator presents two main arguments. First, relator contends that he is entitled to have J.M.W. examined by an expert of his choosing, and that the trial court abused its discretion in excluding Dr. Silverman as relator's designated witness. Second, relator

contends the trial court abused its discretion in ordering relator to pay the costs of the independent evaluation.

## Appointment of Independent Expert

This case arises under Title V of the Family Code. *See* Tex. Fam. Code Ann. § 154.302. The Rules of Civil Procedure provide:

> In cases arising under Family Code Titles II or V, the court may—on its own initiative or on motion of a party—appoint:
>
> (a) one or more psychologists or psychiatrists to make any and all appropriate mental examinations of the children who are the subject of the suit or of any other parties, and may make such appointment irrespective of whether a psychologist or psychiatrist has been designated by any party as a testifying expert[.]

Tex. R. Civ. P. 204.4(a).

Under Rule 204.4, relator does not have an absolute right to have a physician of his own choosing conduct the independent examination of J.M.W.. *See Employees Mut. Casualty Co. v. Street*, 707 S.W.2d 277, 279 (Tex. App.—Fort Worth 1986, orig. proceeding) (construing the predecessor to Rule 204.4). Therefore, the trial court did not abuse its discretion in appointing Dr. Gerber rather than Dr. Silverman. Moreover, the trial court did not prohibit relator from hiring Dr. Silverman.

## Assessment of Expert's Fees

Ordinarily, the fee of an expert witness constitutes an incidental expense in preparation for trial and is not recoverable. Rule 131 of the Texas Rules of Civil Procedure provides that "[t]he successful party to a suit shall recover of his adversary all costs incurred therein, except where otherwise provided." Tex. R. Civ. P. 131. Expert witness fees are generally not recoverable as costs because they are incidental expenses in preparation for trial. *See, e.g.*, *Richards v. Mena*, 907 S.W.2d 566, 571 (Tex. App.—

4

Corpus Christi 1995, writ dism'd by agr.) (regardless of any good cause shown, costs of experts are incidental expenses in preparation for trial and not taxable court costs); *King v. Acker*, 725 S.W.2d 750, 755 (Tex. App.—Houston [1st Dist.] 1987, no writ) (plaintiffs in action for tortious interference with inheritance rights could not recover costs of handwriting experts as those were litigation expenses).

In this case, however, Rule 131 does not apply because (1) the litigation has not concluded, and (2) this is a family law case. *See, e.g., Diaz v. Diaz*, 350 S.W.3d 251, 255–56 (Tex. App.—San Antonio 2011, pet. denied). While there is no statute that explicitly addresses whether a party to a suit affecting the parent-child relationship may recover expenses for expert witness fees, there are certain instances in which expert witness fees have been awarded in family law proceedings. For example, it has been recognized that the trial court has the discretion to award expert witness fees as costs under Section 6.708 of the Texas Family Code. Tex. Fam. Code Ann. § 6.708; *see Farley v. Farley*, 930 S.W.2d 208, 213–14 (Tex. App.—Eastland 1996, no writ) (trial court has discretion to award expert witness fees, assuming there is sufficient evidence to support such an award). Moreover, in a suit affecting the parent-child relationship, it has been held that Section 106.002 of the Texas Family Code authorized an award of expert witness fees for valuing a business in connection with a division of property. *Diaz*, 350 S.W.3d 251.

In asserting that the trial court abused its discretion in ordering relator to pay the expert's fees, relator argues that the court did not adhere to the provisions required pursuant to Rule 204 of the Texas Rules of Civil Procedure and the Texas Family Code. Rule 204 addresses appointment of an expert as addressed above, but does not address which party is responsible for the expert's fees.

Relator does not specify what portion of the Family Code the trial court failed to follow. Section 106.002, however, addresses attorney's fees and expenses as follows:

5

(a) In a suit under [Title V], the court may render judgment for reasonable attorney's fees and expenses and order the judgment and post-judgment interest to be paid directly to an attorney.[1]

In a suit under Title V, the trial court can correctly award the expert fee as an expense under section 106.002 so long as there is sufficient evidence to support the amount of fees. *Diaz*, 350 S.W.3d at 256; *compare In re Slanker*, 365 S.W.3d 718, (Tex. App.—Texarkana 2012, orig. proceeding) (holding trial court had discretion to award expert witness fees, but granting mandamus due to absence of evidentiary support for reasonableness of fee.).

In this case, relator does not argue that the evidence is insufficient to support the reasonableness of the fee, nor does he explain how the trial court failed to follow the Rules of Civil Procedure or the Texas Family Code. On this record, there is no evidence that the trial court abused its discretion in ordering relator to pay the expert witness fees. Relator has failed to establish entitlement to the extraordinary relief of a writ of mandamus.

## Real Party's Request for Sanctions

In her response, the real party in interest moved for sanctions pursuant to Texas Rule of Appellate Procedure 52.11. Real party alleges that relator filed a groundless petition brought solely for the purpose of delay. In addition, real party contends relator misrepresented the record by misstating rulings of the Montgomery County court and omitting the record from the March 27, 2012 hearing.

Rule 52.11, entitled "Groundless Petition or Misleading Statement or Record," provides:

---

[1] Fries is seeking support for a disabled adult child under Title V of the Family Code. *See* Tex. Fam. Code Ann. § 154.302

6

> On motion of any party or on its own initiative, the court may—after notice and a reasonable opportunity to respond—impose just sanctions on a party or attorney who is not acting in good faith as indicated by any of the following:
>
> (a) filing a petition that is clearly groundless;
>
> (b) bringing the petition solely for delay of an underlying proceeding;
>
> (c) grossly misstating or omitting an obviously important and material fact in the petition or response; or
>
> (d) filing an appendix or record that is clearly misleading because of the omission of obviously important and material evidence or documents.

Tex. R. App. P. 52.11.

We exercise the discretion afforded us by Rule 52.11 with prudence and caution and only after careful deliberation. *In re Lerma*, 144 S.W.3d 21, 26 (Tex. App.—El Paso 2004, orig. proceeding).

Relator's failure to include the Montgomery County rulings or the record of the March 27, 2012 hearing does not constitute the omission of obviously important and material evidence or documents. The Montgomery County rulings are irrelevant to the trial court's actions in this case. Regarding the record of the March 27, 2012 hearing, relator informed this court that although he did not waive the making of a record, the court reporter "failed to either make a record or properly preserve said record." We conclude that relator did not file a clearly groundless petition or bring the petition solely for delay of the underlying proceeding. Relator did not grossly misstate any obviously important and material fact or file an appendix or record that is clearly misleading. Because the real party in interest has not established any of the prerequisites under Rule 52.11, we deny her motion for sanctions.

7

Accordingly, we deny relator's petition for writ of mandamus and deny real party's motion for sanctions.

PER CURIAM

Panel consists of Justices Frost, McCally, and Busby.