In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-18-00142-CV
_____

**THOMAS LEE STEWART, Appellant**

**V.**

**ELECTOR JANE STEWART, Appellee**

**On Appeal from the County Court at Law No. 3**
**Montgomery County, Texas**
**Trial Cause No. 14-09-09876**

**MEMORANDUM OPINION**

In this appeal arising from a divorce proceeding, appellant Thomas Lee Stewart ("Thomas") challenges the trial court's final decree of divorce awarding spousal maintenance to Elector Jane Stewart ("Jane"). Thomas contends that Jane failed to produce sufficient evidence showing that she was entitled to an award of spousal maintenance under section 8.051 of the Texas Family Code. *See* Tex. Fam. Code Ann. § 8.051 (West Supp. 2017). We affirm the trial court's judgment.

1

BACKGROUND

After approximately fourteen years of marriage, Thomas filed for divorce. Jane filed a counter-petition for divorce on several grounds, including adultery, and she requested a disproportionate share of the community property, spousal maintenance, and attorney's fees. Prior to trial, the parties entered into a mediated settlement agreement, in which Thomas temporarily agreed to pay Jane $1875 per month in spousal maintenance.

During trial, Jane testified about her health conditions, explaining that she has deteriorated discs in her neck and lower back, vertigo, high blood pressure, type one diabetes, depression, psoriasis, arthritis in her back and hands, and tremors in her right hand. Jane testified that she takes multiple medications to treat her conditions. Jane explained that she had neck surgery in 1996, and she had surgery on her lower back in 1985 and 2006. According to Jane, she will not be able to afford health insurance after the trial court grants the divorce.

Jane testified that she is sixty-four years old and has not worked in nearly twenty years, and she does not have any retirement accounts. Jane testified that she stopped working outside the home when she had neck surgery in 1996. Jane explained that she could not return to work as a bank teller because her back and neck prevent her from being able to stand for long periods, and pain and spasms in

her sciatic nerve prevent her from sitting for long periods. Jane also explained that her arthritis and tremors in her right hand limit her ability to write, and she can only sit at a computer for approximately fifteen minutes due to her neck problems. The trial court admitted medical records from Dr. Lee Pollack, the neurologist who treats Jane for her back and neck problems, and Pollack's records document some of Jane's medical conditions and symptoms, as well as her medications and MRI results.

According to Jane, she never applied for disability because she was married, and Thomas provided for her needs. Jane explained that she did not know what she would do if the trial court denied her request for spousal maintenance because she did not have any other source of income. According to Jane, her medical conditions are incapacitating and affect her ability to work. Jane testified that she did not provide a medical opinion concerning her work limitations because she was unable to afford the doctor's fee. Jane testified that she wanted the trial court to award her approximately $2000 per month in spousal maintenance for an indefinite period of time.

Thomas testified that he believes that Jane has the ability to get a job, and that he should not have to support Jane after the divorce. According to Thomas, he has difficulty paying his own bills, and he cannot afford to pay spousal maintenance. After hearing the parties testify, the trial court noted that Jane's claim for spousal

3

maintenance was based upon Jane having an incapacitating physical or mental disability, and was not based upon Jane lacking the ability to provide for her basic needs. The trial court also noted that expert testimony is not necessary to prove disability, and the trial court took the matter of Jane's incapacity under advisement.

In the final decree, the trial court found that Jane lacks sufficient property, including separate property, to provide for her minimum reasonable needs and has been married to Thomas for more than ten years. The trial court found that Jane lacks the ability to earn sufficient income to provide for her minimum needs, and that Jane had not exercised diligence in developing the necessary skills to provide for her reasonable needs during the separation. The trial court further found that Jane is unable to earn sufficient income to provide for her reasonable needs because of an incapacitating physical disability. The trial court ordered Thomas to pay Jane $1200 per month for sixty consecutive months or until certain events occur.

Thomas filed a motion for new trial, arguing that the evidence is legally and factually insufficient to support the trial court's judgment. Thomas complained, among other issues, that the evidence is insufficient to support the trial court's finding that Jane is eligible for spousal maintenance in the sum of $1200 per month. After conducting a hearing, the trial court denied Thomas's motion for new trial.

4

The trial court issued findings of fact and conclusions of law. Concerning spousal maintenance, the trial court found:

> [Jane] is 64 years old. She worked periodically as a bank teller until 1996 when physical ailments prevented her from working. She has not been employed since that time. [Jane] suffers from neck, back and nerve pain. She is diabetic, has high blood pressure, bone deterioration in her neck and back, has hand tremors, psoriasis, depression, and acid reflux all for which she takes medication. At trial she presented as physically and emotionally frail. 2014 medical records confirm some of the conditions described by [Jane]. An August 2014 MRI report not[ed] abnormalities in the brain and brainstem.

The trial court found that Jane's ability to provide for her minimum reasonable needs is substantially diminished because of depression and physical disabilities. The trial court further found that Jane is unable to earn sufficient income to provide for her minimum reasonable needs due to incapacitating physical disabilities. The trial court concluded that Jane qualifies for spousal maintenance.

## ANALYSIS

In one issue on appeal, Thomas contends that Jane failed to produce sufficient evidence showing that she was entitled to an award of spousal maintenance under section 8.051 of the Texas Family Code. *See* Tex. Fam. Code Ann. § 8.051. According to Thomas, Jane failed to show that she was unable to earn sufficient income to provide for her minimum reasonable needs because of an incapacitating physical or mental disability. *See id.* § 8.051(2)(A). Thomas maintains that although

5

Jane testified that she suffers from health conditions, Jane produced no medical evidence or expert testimony showing that she has an incapacitating disability. Thomas argues that Jane's testimony that she could drive, bathe, make her own meals, and attend church directly contradicted Jane's claim that her health conditions amounted to a disability that was incapacitating.

We review the trial court's award of spousal maintenance under an abuse of discretion standard. *Roberts v. Roberts*, 531 S.W.3d 224, 227 (Tex. App.—San Antonio 2017, pet. denied). A trial court abuses its discretion when its assessment of spousal maintenance is arbitrary or unreasonable. *Id.* Under the abuse of discretion standard, the legal and factual sufficiency of the evidence are not independent grounds for asserting error; rather, they are relevant facts in assessing whether the trial court abused its discretion. *Diaz v. Diaz*, 350 S.W.3d 251, 254 (Tex. App.—San Antonio 2011, pet. denied). A trial court's findings of fact are reviewable for legal and factual sufficiency of the evidence by the same standards that are applied in reviewing evidence supporting a jury's answer. *Catalina v. Blasdel*, 881 S.W.2d 295, 297 (Tex. 1994).

The trial court may exercise its discretion and award spousal maintenance if the spouse seeking maintenance will lack sufficient property, including the spouse's separate property, on dissolution of the marriage to provide for the spouse's

minimum reasonable needs, and if the spouse is unable to earn sufficient income to provide for the spouse's minimum reasonable needs due to an incapacitating physical or mental disability. Tex. Fam. Code Ann. § 8.051(2)(A). While the testimony of a spouse seeking spousal maintenance alone may support a finding of disability, this testimony must still be sufficient and probative to establish that a disability exists and that the disability prevents the spouse from obtaining gainful employment. *Roberts*, 531 S.W.3d at 230. The spouse's evidence must rise above a mere assertion that unsubstantiated symptoms collectively amount to an incapacitating disability. *Id.* Because the spouse is not required to present medical evidence to prove her disability, the trial court may reasonably infer incapacity from circumstantial evidence or the competent testimony of a lay witness. *Pickens v. Pickens*, 62 S.W.3d 212, 215-16 (Tex. App.—Dallas 2001, pet. denied).

In this case, Jane relies on her own testimony and Dr. Pollack's medical records to support the trial court's finding that Jane has incapacitating physical disabilities. Jane testified that she was unable to work because her back and neck conditions prevent her from being able to stand or sit for long periods of time, her neck problems limit the amount of time that she can sit at a computer, and her arthritis and tremors limit her ability to write. Pollack's medical records support Jane's testimony that her medical conditions are incapacitating. In October 2014,

7

Pollack noted that Jane presented with the following diagnoses: vertigo; osteoarthritis of her ankle and foot; spinal stenosis in her lumbar region; arthrodesis C5-6; and tremor on her right side. Pollack noted that Jane's past medical history includes moderate to severe left C8 foraminal stenosis at C7-T1; mild to moderate right C7 neural foraminal stenosis at C6-7; and status post C5-6 anterior interbody fusion with good postoperative appearance. Pollack further noted that Jane's activities of daily living and sleep were moderately impacted, she continued to see another doctor for her rheumatic condition, and she was taking numerous medications.

Pollack's medical records include medical test results from August 2014, which show an abnormal MRI of the brain, and an MRI of the cervical spine indicating moderate loss of disc height at C3-C4 and C4-C5, mild concentric degenerative disc bulging, moderate left foraminal stenosis at C4-C5, and a mild amount of spinal stenosis. Pollack's records also include a nerve conduction study from May 2013, which noted a history of diabetes and a L5-S1 "fusion/screw" in 2006, and concluded that Jane has chronic active L5 radiculopathy on the left and high amplitude fibrillation denervation of the left lower extremity.

We conclude that Jane presented sufficient and probative evidence to establish disabilities that prevent her from obtaining gainful employment. *See Roberts*, 531

S.W.3d at 230-31. We further conclude that because the evidence is sufficient to support the trial court's finding that Jane is unable to earn sufficient income to provide for her minimum reasonable needs due to incapacitating physical disabilities, the trial court did not abuse its discretion by awarding Jane spousal maintenance. Accordingly, we overrule issue one. Having concluded that the evidence is sufficient to support the trial court's judgment, we need not consider Thomas's other arguments as they would not result in greater relief. *See* Tex. R. App. P. 47.1.

AFFIRMED.

_____
STEVE McKEITHEN
Chief Justice

Submitted on May 8, 2018
Opinion Delivered May 24, 2018

Before McKeithen, C.J., Kreger and Horton, JJ.