# Supreme Court of Texas

No. 23-0507

Hannah Mehta,
*Petitioner*,

v.

Manish Mehta,
*Respondent*

On Petition for Review from the
Court of Appeals for the Second District of Texas

**Argued February 18, 2025**

JUSTICE HUDDLE delivered the opinion of the Court.

JUSTICE LEHRMANN filed a concurring opinion, in which Justice Busby joined.

This case requires us to consider the nature of the evidence needed to support an award of spousal maintenance under Chapter 8 of the Texas Family Code. The central inquiry is whether sufficient evidence supported the trial court's determination that the wife in this case satisfied the statutory requirement to show that, absent an award

of spousal maintenance, she "will lack sufficient property . . . to provide for [her] minimum reasonable needs."  TEX. FAM. CODE § 8.051.

We hold that the court of appeals erred in reversing the spousal-maintenance award.  While we agree that comprehensive and itemized evidence of a spouse's post-divorce financial picture—including assets, income, and expenses—is the ideal form of proof to support a request for spousal maintenance, courts mustn't require exacting numerical detail or disregard competent qualitative evidence.  Further, in divorces involving children, a trial court taking child support into account in assessing whether the spouse will have "sufficient property" post-divorce to meet her own minimum reasonable needs must also factor in child-related expenses in making that determination.  Because the record contains legally sufficient evidence to support the award of spousal maintenance, we reverse the court of appeals' judgment in part and reinstate the trial court's judgment.

## I.  Background

Hannah and Manish Mehta married in 2000, and their triplets were born seven years later.  After their arrival, Hannah quit her job and became their primary caregiver, while Manish continued to work outside the home.  One of the children, described in testimony as a "medically fragile child," was born with physiological and neurological issues that continue to require extensive medical care.  Hannah has shouldered the responsibility of providing that care by, among other things, arranging trips to Boston Children's Hospital to meet with specialists, attending weekly therapy appointments, administering

regular intravenous immunoglobin infusions, and maintaining the child's feeding tube.

In 2019, Manish filed for divorce. The trial court issued temporary orders granting Hannah exclusive use of the marital home and requiring her to pay the mortgage and property taxes. The court also ordered Manish to pay Hannah child support of $2,760 per month and temporary spousal support of $2,000 per month for eight months followed by three months of $1,000 per month. Hannah later negotiated a paid executive-director position with Protect TX Fragile Kids, a nonprofit organization she cofounded in 2016. This position provided an annual salary of $30,000 and was guaranteed for one year.

During a three-day bench trial that largely focused on child custody, Manish testified that the home needed repairs and that he had concerns about Hannah's ability to pay the mortgage and maintain the home given her salary. He further testified that he twice had to make the mortgage payment himself despite it being Hannah's obligation. Manish also told a court-appointed social worker that Hannah failed to pay household bills. Hannah responded that she was unable to pay the mortgage because Manish failed to provide "spousal support" or her portion of federal funds that the couple received and that Manish "was late on child support."

In December 2021, the trial court issued the final divorce decree. It appointed Hannah and Manish as joint managing conservators but gave Hannah the exclusive right to designate the children's primary residence. Additionally, Manish was ordered to pay Hannah $2,760 per

month in child support and $2,000 per month as spousal maintenance for thirty-six months (or until Hannah remarried or died).

Manish requested findings of fact and conclusions of law. With respect to the spousal-maintenance award, the trial court concluded that Hannah "is eligible for maintenance under the provisions of Texas Family Code chapter 8," without specifying the evidentiary or statutory basis. Manish objected on the grounds that "no evidence was presented at the hearing to support the conclusion." He requested additional findings or conclusions, asking "[w]hat is the legal basis" for it and several others. The trial court made no further findings or conclusions.

Manish appealed, challenging the spousal-maintenance award and the property division. The court of appeals affirmed the property division but reversed the award of spousal maintenance, holding that Hannah failed to present legally sufficient evidence that she would lack sufficient property to provide for her minimum reasonable needs. 703 S.W.3d 100, 115 (Tex. App.—Fort Worth 2023).

In making this determination, the court detailed the quantitative evidence regarding Hannah's post-divorce financial picture. With respect to expenses, the court noted that Hannah presented evidence that her monthly mortgage payment was about $2,032 and that she could expect to pay about $756 per month in property taxes. *Id.* at 113. But according to the court, "no evidence established any other monthly expenses—although [Hannah] undoubtedly has them—such as food, utilities, clothing, medical expenses, child-care costs, or the monthly automobile and insurance payments on the Toyota Highlander." *Id.* at 113–14.

4

The court then examined property available to Hannah to meet her minimum reasonable needs, concluding that it should consider "the spouse's monthly income, the value of the spouse's separate property, the value of the property awarded to the spouse through dividing the marital estate, and child-support payments." *Id.* at 114 (footnote omitted). The court identified three accounts and two debts for which specific evidence was presented, which left Hannah with "about $13,515 in liquid assets, which when divided over the 36-month-spousal-maintenance term would leave her with about $375 per month in additional assets." *Id.* at 114–15. Combining this amount with Hannah's monthly child support of $2,760 and her monthly gross salary of $2,500, the court determined that Hannah "has $5,635 in total monthly income, which exceeds her $2,788 in evidence-based monthly minimum reasonable needs by $2,847."[1] *Id.* at 115. The court thus concluded that "legally insufficient trial evidence supported the implied finding that [Hannah] would lack sufficient property on the marriage's dissolution to provide for her minimum reasonable needs." *Id.* The court did not address Manish's other arguments challenging the spousal-maintenance award. *Id.*

---

[1] The court of appeals' analysis of Hannah's post-divorce financial picture essentially reduces to this:

| Monthly Assets | Monthly Expenses |
|---|---|
| $2,500 gross salary ($30,000 ÷ 12 months) | $2,032 mortgage payment |
| $2,760 child support | $ 756 property taxes |
| $ 375 liquid assets ($13,515 ÷ 36 months) | |
| $5,635 | $2,788 |

5

Hannah petitioned this court for review, which we granted.

## II. Relevant law

A trial court's decision to award spousal maintenance is reviewed for an abuse of discretion. *Sherman v. Sherman*, 650 S.W.3d 897, 899 (Tex. App.—Fort Worth 2022, no pet.); *Diaz v. Diaz*, 350 S.W.3d 251, 254 (Tex. App.—San Antonio 2011, pet. denied); *cf. Iliff v. Iliff*, 339 S.W.3d 74, 78 (Tex. 2011) ("A court's order of child support will not be disturbed on appeal unless the complaining party can show a clear abuse of discretion." (quoting *Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990))). A court abuses its discretion if it acts arbitrarily or unreasonably or fails to analyze or apply the law correctly. *Iliff*, 339 S.W.3d at 78. While insufficiency of evidence is not an independent ground on which to challenge a spousal-maintenance award, an award that is not supported by legally sufficient evidence may constitute an abuse of discretion. *See In re J.Y.O.*, 709 S.W.3d 485, 497 n.92 (Tex. 2024) (noting that legal and factual insufficiency are relevant factors in assessing whether the trial court abused its discretion); *Henry v. Cox*, 520 S.W.3d 28, 34 (Tex. 2017) ("No abuse of discretion exists if some evidence reasonably supports the court's ruling.").

Evidence is legally sufficient if there is "more than a mere scintilla" to support a vital fact-finding, i.e., "the evidence rises to a level that would enable reasonable and fair-minded people to differ in their conclusions." *Gunn v. McCoy*, 554 S.W.3d 645, 658 (Tex. 2018). Reviewing courts must consider evidence in the light most favorable to the judgment and its findings, "indulg[ing] every reasonable inference

6

that would support it." *City of Keller v. Wilson*, 168 S.W.3d 802, 822 (Tex. 2005).

The Texas Family Code authorizes spousal-maintenance awards under enumerated circumstances. A spouse's eligibility for spousal maintenance is determined under Section 8.051, which provides, in relevant part:

> [T]he court may order maintenance for either spouse only *if the spouse seeking maintenance will lack sufficient property*, including the spouse's separate property, *on dissolution of the marriage to provide for the spouse's minimum reasonable needs* and:
>
> . . .
>
> (2) the spouse seeking maintenance:
>
> > (A) is unable to earn sufficient income to provide for the spouse's minimum reasonable needs because of an incapacitating physical or mental disability;
> >
> > (B) has been married to the other spouse for 10 years or longer and lacks the ability to earn sufficient income to provide for the spouse's minimum reasonable needs; or
> >
> > (C) is the custodian of a child of the marriage of any age who requires substantial care and personal supervision because of a physical or mental disability that prevents the spouse from earning sufficient income to provide for the spouse's minimum reasonable needs.

TEX. FAM. CODE § 8.051 (emphases added).

To qualify for maintenance under Section 8.051(2)(B), the spouse seeking maintenance must also rebut the presumption that maintenance is not warranted under that subsection:

7

It is a rebuttable presumption that maintenance under Section 8.051(2)(B) is not warranted unless the spouse seeking maintenance has exercised diligence in:

(1) earning sufficient income to provide for the spouse's minimum reasonable needs; or

(2) developing the necessary skills to provide for the spouse's minimum reasonable needs during a period of separation and during the time the suit for the dissolution of the marriage is pending.

*Id.* § 8.053(a). No such presumption exists, however, if the spouse is eligible for maintenance under Section 8.051(2)(A) or (C). Once a court determines that a spouse is eligible for maintenance under Section 8.051, it applies the factors set forth in Section 8.052 to determine the "nature, amount, duration, and manner of periodic payments." *Id.* § 8.052.

"Minimum reasonable needs" is not defined in the Family Code. Trial courts generally have discretion to determine these needs on a case-by-case, fact-specific basis. *See, e.g.*, *Martinez v. Martinez*, No. 02-21-00353-CV, 2022 WL 17986023, at *2 (Tex. App.—Fort Worth Dec. 29, 2022, no pet.) ("[T]he minimum reasonable needs for a particular individual is a fact-specific determination that should be made by the trial court on a case-by-case basis."). Although an itemized list of monthly income and expenses is the most "helpful" evidence to establish eligibility, neither the Family Code nor our cases require exactitude. *Trueheart v. Trueheart*, No. 14-02-01256-CV, 2003 WL 22176626, at *2 (Tex. App.—Houston [14th Dist.] Sept. 23, 2003, no pet.). As the court of appeals recognized in this case, almost everyone has basic essential needs such as food, utilities, and medical expenses. 703 S.W.3d

8

at 113–14; *see also In re Marriage of Hale*, 975 S.W.2d 694, 698 (Tex. App.—Texarkana 1998, no pet.) ("The schedule of [the wife's] expenses, however, is just a generalized list and does not include other essential needs that everyone has, such as her portion of health premiums, uncovered medical expenses, drugs and medicines, clothing, and the like.").

Likewise, the Family Code does not expressly state what property courts should consider available "to provide for the spouse's minimum reasonable needs." TEX. FAM. CODE § 8.051. But our courts of appeals have repeatedly held that "the law does not require the spouse to spend down long-term assets, liquidate all available assets, or incur new debt simply to obtain job skills and meet short-term needs." *Schafman v. Schafman*, No. 01-20-00231-CV, 2022 WL 962466, at *6 (Tex. App.—Houston [1st Dist.] Mar. 31, 2022, no pet.); *see also Dunaway v. Dunaway*, No. 14-06-01042-CV, 2007 WL 3342020, at *3 (Tex. App.—Houston [14th Dist.] Nov. 13, 2007, no pet.).

The purpose behind an award of spousal maintenance differs from that of child support. Our courts have noted that spousal maintenance is "intended to provide temporary and rehabilitative support for a spouse whose ability to support herself has eroded over time while engaged in homemaking activities and whose capital assets are insufficient to provide support." *Sherman*, 650 S.W.3d at 899 (quoting *In re Marriage of Hallman*, No. 06-09-00089-CV, 2010 WL 619290, at *5 (Tex. App.—Texarkana Feb. 23, 2010, pet. denied)). Its purpose is to ameliorate the "very real hardships" that would otherwise exist as the result of a divorce. *Dalton v. Dalton*, 551 S.W.3d 126, 143 (Tex. 2018)

9

(Lehrmann, J., concurring) (quoting James W. Paulsen, *Remember the Alamo[ny]! The Unique Texas Ban on Permanent Alimony and the Development of Community Property Law*, 56 LAW & COMTEMP. PROBS. 7, 8 (1993)). Conversely, child support acts to fulfill parents' "natural and legal duty to support their children during minority." *Gully v. Gully*, 231 S.W. 97, 98 (Tex. 1921). As such, child support does not represent "a debt to [a] former spouse." *Off. of Att'y Gen. of Tex. v. Scholer*, 403 S.W.3d 859, 860 (Tex. 2013). Rather, the parent receiving child-support payments is obligated to spend or hold the money for the child's welfare, upkeep, and benefit. *See* TEX. FAM. CODE § 151.001(a)(8) (listing one of the duties of the custodial parent as "the right to *receive* and give receipt for payments for the support of the child and to hold or *disburse funds for the benefit of the child*" (emphases added)). In short, child-support payments are designed to benefit children, not parents. *Bailey v. Bailey*, 987 S.W.2d 206, 209 n.2 (Tex. App.—Amarillo 1999, no pet.).

### III. Analysis

The court of appeals reversed the spousal-maintenance award, holding that the trial court erred in concluding that Hannah would lack sufficient property to meet her minimum reasonable needs. We disagree, principally because the court of appeals erred by considering only the incomplete quantitative evidence of Hannah's expenses to the exclusion of other evidence that established Hannah would lack sufficient property to meet her minimum reasonable needs. But the court also erred by treating Manish's child-support payments as property that was entirely available for Hannah's minimum reasonable

10

needs without also considering the children's expenses that the child-support payments would not cover and thus would constitute additional expenses for Hannah. Considering the totality of the record evidence in the light most favorable to the trial court's judgment, we hold that Hannah presented sufficient evidence to support the trial court's conclusion that she is eligible for spousal maintenance.[2]

To determine whether a spouse is eligible for spousal maintenance, a court should look to the property available "to provide for the *spouse's* minimum reasonable needs." TEX. FAM. CODE § 8.051 (emphasis added). The court of appeals included in its analysis Hannah's receipt of $2,760 in monthly child-support payments. 703 S.W.3d at 115. Several courts of appeals have likewise incorporated 100% of child-support payments when assessing a maintenance-seeking spouse's available property, though usually without analysis or any objection by the spouse seeking maintenance. *See Debrock v. Debrock*, No. 03-21-00308-CV, 2022 WL 17970214, at *7 (Tex. App.—Austin Dec. 28, 2022, pet. denied); *In re Marriage of Elabd*, 589 S.W.3d 280, 285 (Tex. App.—Waco 2019, no pet.); *Howe v. Howe*, 551 S.W.3d 236, 257 (Tex. App.—El Paso 2018, no pet.).

This blanket treatment of child-support payments as property available in full to meet *the spouse's* minimum reasonable needs absent consideration of the children's expenses is inconsistent with the Family Code. The Family Code makes clear that child-support payments are

_____

[2] In the court of appeals, Manish challenged only Hannah's eligibility for spousal maintenance under Section 8.051. He did not challenge the amount or duration of the payments awarded by the trial court under Section 8.052, so we express no opinion on those determinations.

paid and received "for the support of *the child*," TEX. FAM. CODE § 154.001(b) (emphasis added), which includes "providing *the child* with clothing, food, shelter, medical and dental care, and education," *id.* § 151.001(a)(3) (emphasis added). *See also Hill v. Hill*, 819 S.W.2d 570, 572 (Tex. App.—Dallas 1991, writ denied) ("Child-support payments are for the benefit of the children, not the parents."). Those payments do not represent "a debt to [a] former spouse." *Scholer*, 403 S.W.3d at 860. Conversely, spousal maintenance is to "provide temporary and rehabilitative support for a spouse whose ability to support herself has eroded over time while engaged in homemaking activities." *Sherman*, 650 S.W.3d at 899 (quoting *Marriage of Hallman*, 2010 WL 619290, at *5). Given the distinct purposes of child support and spousal maintenance, Hannah argues that child-support payments may not be considered in the spousal-maintenance eligibility analysis. That argument, however, relies on the fiction that child-related expenses are inherently irrelevant to the spousal-maintenance calculus.

In reality, families function as units. While many of the needs and expenses of the spouse seeking spousal maintenance are discrete from those that are shared with the children, some are not. Housing is a classic example. If a spouse who receives child support uses it to pay for housing, that housing provides shelter for both the child and the spouse, even though the spouse may not have needed to spend as much on housing had there been no children. In this sense, at least some portion of the child-support award is property that "provide[s] for the spouse's minimum reasonable needs." TEX. FAM. CODE § 8.051.

12

At the same time, however, "*both parents* are charged with a natural and legal duty to support their children during minority." *Gully*, 231 S.W. at 98 (emphasis added). And child support may not cover all child-related expenses. The spouse receiving child support is still obligated to support the child and may need to contribute her share toward the children's expenses.[3] Therefore, when the spouse receiving child support also seeks spousal maintenance, that spouse's child-related expenses—whether commingled, like housing, or child-specific, like clothing or medical expenses—diminish the amount of income that can be devoted to the spouse's own reasonable needs. In short, in a situation where the spouse seeking maintenance also receives child support, both the child support and the children's expenses necessarily factor into the spousal-maintenance calculus.

To determine whether a spouse seeking spousal maintenance would lack sufficient property to provide for her minimum reasonable needs, a trial court may factor in all the spouse's available assets, including child support, on the income side of the ledger so long as it also considers child-related expenses the spouse will incur, if any, on the expense side of the ledger. Stated differently, in determining maintenance awards, the trial court must avoid double-counting on either side of the ledger, whether expenses or income. For example, if a child-support award easily covers housing for the children and the custodial parent, a maintenance award should not be based on a premise that the spouse needs funds to pay for shelter. By contrast, if the child

_____

[3] Here, for example, Hannah's mortgage and property taxes alone exceed the amount of child support awarded.

13

support will pay only a portion of essential medical care for a child, the trial court may recognize that the custodial parent's burden for providing that care has decreased, but it should not treat the funds that must go to medical care as available for other needs, such as housing. Because the court of appeals included all the child-support award as income without also considering the children's expenses Hannah would bear, the court created an erroneous picture of the property Hannah would have to provide for *her* minimum reasonable needs.

Additionally, in holding legally insufficient evidence supported the trial court's finding that Hannah was entitled to spousal maintenance, the court of appeals took an inappropriately rigid view of the nonquantitative evidence supporting the award. The court of appeals acknowledged that a list of expenses "is not the only evidence upon which a trial court can determine a person's 'minimum reasonable needs.'" 703 S.W.3d at 113 (quoting *Diaz*, 350 S.W.3d at 254). Yet it departed from this principle, faulting Hannah for failing to itemize her expenses and sources of income. *See id.* ("[Hannah] provided no itemized list of monthly expenses, nor did she testify about them.").

The court of appeals failed to accord proper weight to other, qualitative evidence demonstrating that Hannah would lack sufficient property to meet her minimum reasonable needs. Manish testified about his concern "that [Hannah] wouldn't be able to maintain the home due to not having the finances necessary." He also testified that "the home is, in many respects, in disarray, and things that need to be fixed . . . aren't being fixed, making parts of the home unfunctional." He testified that Hannah failed to pay the mortgage on more than one

14

occasion even though the court's temporary orders required her to do so. Hannah's testimony mirrors Manish's in this regard—she explained that on one occasion, she was unable to do so, so Manish "made the [mortgage] payment after being late with his . . . child support." Manish also reported to a court-appointed social worker that "household bills were unpaid."

Of course, as our courts of appeals have recognized, the best practice is for a spouse seeking support to present an itemized list of expenses and sources of income available to pay those expenses. *See, e.g.*, *Diaz*, 350 S.W.3d at 254–55 (noting itemized lists of expenses are helpful to trial courts tasked with determining minimum reasonable needs). But Section 8.051 does not demand itemized lists or the degree of specificity the court of appeals required here. When the quantitative evidence is incomplete or otherwise imperfect, a trial court can credit qualitative testimony about a spouse's inability to pay essential, basic living expenses of the sort Hannah adduced to conclude that a spouse seeking maintenance will lack sufficient property to provide for his or her minimum reasonable needs. Here, the evidence is legally sufficient to support such a finding.

That brings us to the second prong of the test for determining spousal-maintenance eligibility. TEX. FAM. CODE § 8.051(2). The court of appeals did not address this requirement because it held Hannah was ineligible under the statute's first prong. We conclude the record contains sufficient evidence to satisfy Section 8.051(2)(C). *See Pedernal Energy, LLC v. Bruington Eng'g, Ltd.*, 536 S.W.3d 487, 495 (Tex. 2017) ("The parties have briefed and argued the issue here, so in the interest

15

of judicial economy we will address it rather than remanding to the court of appeals.").

Under the second prong of Section 8.051, the trial court must find that Hannah:

> (A) is unable to earn sufficient income to provide for the spouse's minimum reasonable needs because of an incapacitating physical or mental disability;
>
> (B) has been married to the other spouse for 10 years or longer and lacks the ability to earn sufficient income to provide for the spouse's minimum reasonable needs; or
>
> (C) is the custodian of a child of the marriage of any age who requires substantial care and personal supervision because of a physical or mental disability that prevents the spouse from earning sufficient income to provide for the spouse's minimum reasonable needs.

TEX. FAM. CODE § 8.051(2). The trial court did not specify which of these requirements it found Hannah satisfied. Having considered the entire record, we conclude there was sufficient evidence to establish that Hannah satisfied Section 8.051(2)(C).[4]

After the children were born, Hannah left her job to care for them. She has been their "primary caregiver since birth and has made the medical decisions for all three children since birth." The trial court found that one of the children, A.M., "is a medically fragile child." Due to his medical condition, "[A.M.] almost died multiple times throughout his early life and his medical needs necessitated [Hannah] staying home

---

[4] Based on this conclusion, we need not consider whether Hannah presented evidence to rebut the presumption under Section 8.053. It applies only if spousal maintenance is awarded under Section 8.051(2)(B). *See* TEX. FAM. CODE § 8.053(a).

16

to take care of him and his brothers." The record reflects that A.M.'s required treatments can "take a significant length of time, six to seven hours," and that "[A.M.] has daily and often hourly medical needs that need to be attended to and personal-care needs throughout the day." It is undisputed that Hannah has cared for A.M. and that she has ably met his needs over many years. This evidence is sufficient to support a finding that Hannah "is the custodian of a child of the marriage . . . who requires substantial care and personal supervision because of a physical or mental disability that prevents [Hannah] from earning sufficient income to provide for [her] minimum reasonable needs." TEX. FAM. CODE § 8.051(2)(C).

## IV. Conclusion

Legally sufficient evidence supports the trial court's conclusion that Hannah is eligible for spousal maintenance. First, there is legally sufficient evidence that she will lack sufficient property to provide for her minimum reasonable needs. Second, the evidence supports a finding that Hannah is the custodian of a child with a physical disability requiring substantial care and personal supervision that prevents her from earning sufficient income to provide for her minimum reasonable needs. Accordingly, the trial court did not abuse its discretion in awarding Hannah spousal maintenance under Family Code Section 8.051. We reverse the court of appeals' judgment in part and reinstate the portion of the trial court's decree awarding Hannah $2,000 per month in spousal maintenance for thirty-six months.

Rebeca A. Huddle
Justice

17

**OPINION DELIVERED:** June 20, 2025